Baldwin Tax Assessment Appeal.

Argued December 11, 1967. Before WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., and WRIGHT, J., absent).

470

*Paul H. Price,* with him *Oliver, Price & Rhodes,* for appellant.

*Thomas M. Hart,* with him *Daniel L. Penetar,* Solicitors, for appellee.

OPINION PER CURIAM, January 16, 1968:

The appellant J. Robert Baldwin was the registered owner of improved real estate in the City of Scranton, Lackawanna County, at the time it was assessed for 1965 taxes. It consisted of a lot at the westerly corner of Mulberry Street and Wyoming Avenue, fronting 138.8 feet on Wyoming and 177 feet on Mulberry, with a new office building thereon of modern functional construction.

The 1965 assessment of the property for county, city and school tax purposes made by the Lackawanna County Board for the Assessment and Revision of Taxes,[1] was $112,240 allocated as follows: land $52,240, building $60,000. This allocation was necessary under the law relating to taxation in cities of the second class, including Scranton, which directed councils thereof to assess buildings at five-tenths of the highest rate of tax otherwise required in any year. Act of March 7, 1901, P. L. 20, as amended, 53 P.S. §25894.

On appeal by the property owner to the common pleas court, that court adopted the assessment made by the Board. The present appeal was taken from that decision.

---

[1] The Act of April 26, 1935, P. L. 90, §1, 53 P.S. §30752, provides that the assessment made for county purposes shall be used by cities of the second class A.

The appellant contends that the lower court, which sat as a court en banc in hearing this matter, committed error in (a) approving an *arbitrary* allocation of the total assessment to land and building; (b) in affirming the assessment when it lacked support by competent testimony; (c) in ignoring the allocations of the total assessment to land and building made by the several witnesses for both the appellant and the Board; and finally, (d) in refusing to accept a valid "arm's length sale transaction" and accepting an "artificially adopted 'front foot' evaluation".

There appears to be no dispute of the fact that the ratio of assessed value to actual value used generally in this taxing district is thirty-five per cent (35%), and the lower court in its order said that the assessment made by it was by applying that ratio to the value of the subject property. Unfortunately it did not state the actual value of the subject property. Consequently we must determine that amount by mathematical calculation, which brings us to a finding of total value $320,608.57, allocated $149,257.14 to land and $171,428.57 to improvements, which is unreal and unsatisfactory; and further, it leads us to the conclusion that the lower court did not follow established procedures ". . . of valuing first, the entire property, second, the land and, then, allocating the balance to the building" before applying the established ratio of assessment to actual value. *Massachusetts Mutual Life Insurance Company Tax Assessment Case,* 426 Pa. 566, 235 A. 2d 790 (1967); *John Wanamaker, Philadelphia, Appeal,* 360 Pa. 638, 63 A. 2d 349 (1949).

Much of the dispute in this appeal arises from the fact that the actual value of the entire property was not first determined and then allocated to land and improvements, the value of the land being the next item of determination. Neither value having been satisfactorily determined, this record must be returned to the

lower court with directions to make such findings. We are unable to resolve this appeal until such findings are made.

The record is remanded to the lower court with directions to find the actual value of this property as an entirety at the time this assessment was made and also to properly determine separately what part of said evaluation represents the value of the land and what part the value of the improvements.

We further direct the attention of the lower court to the fact that the appeal filed with it was from the 1964 assessment, whereas the matter was considered and determined as if it were the 1965 assessment that was being appealed. This should also be clarified when the matter is reconsidered.

Record remanded with a procedendo consistent with this opinion.